**IT IS ORDERED as set forth below:**



**Date: August 24, 2017**



_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-82440-WLH |
| | ) | |
| JAMES GREGORY OSBOURNE, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | JUDGE WENDY L. HAGENAU |
| | ) | |
| | ) | |
| THOMAS CONCRETE OF | ) | |
| GEORGIA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. PROC. NO. 10-06621 |
| | ) | |
| JAMES GREGORY OSBOURNE, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER ON SUPPLEMENTAL MOTIONS FOR SUMMARY JUDGMENT

This matter comes before the Court on Plaintiff's Supplemental Brief in Support of its Motion for Summary Judgment ("Supplemental Motion") (Docket No. 34) and Defendant's response thereto ("Response") (Docket No. 37). This matter is a core proceeding pursuant to 28

1

U.S.C. § 157(b)(2)(I), and the Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334.

## FACTS

The facts in this case have been set out in this Court's prior Order on Motions for Summary Judgment (Docket No. 31) ("Summary Judgment Order"). They will not be restated here. The Complaint seeks a determination of the dischargeability of a debt resulting from Defendant's execution of an affidavit that allegedly caused the dissolution of Plaintiff's materialman's liens against development projects known herein as Panola Crossings and River Station. The Complaint contends the debt is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2), (a)(4) and (a)(6).

The parties filed cross-motions for summary judgment (Docket Nos. 18 & 21). Plaintiff sought summary judgment as to Count I only, whereas Defendant sought summary judgment on all counts of the Complaint. In an order entered March 28, 2017, the Court granted summary judgment in Defendant's favor on Count II, Plaintiff's section 523(a)(4) claim, and held that the Court was unable to determine whether Plaintiff's remaining claims for nondischargeability were appropriate given the lack of information about the underlying claim. The Court requested Plaintiff file a supplemental brief (1) identifying the basis for a claim against the Defendant under state or federal laws other than the Bankruptcy Code; (2) stating the amount thereof and the basis of calculation; (3) providing legal citation as to why it is entitled to summary judgment on the claim; and (4) clarifying the extent to which the debt was for money, services, etc. obtained by fraud in light of the Supreme Court's recent decision in Husky International Electronics, Inc. v. Ritz, 136 S. Ct. 1581 (2016). Plaintiff filed his supplemental brief on April 27, 2017, and Defendant responded on May 18, 2017, renewing his request for summary judgment on the remaining counts.

2

## ANALYSIS

*I. Basis for Claims*

Plaintiff cites two criminal provisions of the Georgia Code as the basis for its underlying claim. First, Plaintiff relies on the crime of false swearing, O.C.G.A. § 16-10-71, which states in relevant part:

> A person to whom a lawful oath or affirmation has been administered or who executes a document knowing that it purports to be an acknowledgment of a lawful oath or affirmation commits the offense of false swearing when, in any matter or thing other than a judicial proceeding, he knowingly and willfully makes a false statement.

Next, Plaintiff cites to the crime of theft by conversion, O.C.G.A. § 16-8-15, which states in relevant part:

> Any…contractor…who with intent to defraud shall use the proceeds of any payment made to him on account of improving certain real property for any other purpose than to pay for labor or service performed on or materials furnished by this order for this specific improvement while any amount for which he may be or become liable for such labor, services, or materials remains unpaid commits a felony….

Acknowledging that the violation of a criminal statute does not necessarily provide a civil remedy, Plaintiff cites to O.C.G.A. § 51-1-6 as a basis for its civil remedy. That section states that "[w]hen the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby." Defendant, in turn, cites O.C.G.A. § 51-10-6, which states in pertinent part:

> Any owner of personal property shall be authorized to bring a civil action to recover damages from any person who willfully damages the owner's personal property or who commits a theft as defined in Article 1 of Chapter 8 of Title 16 involving the owner's personal property.

These four statutory provisions are the basis of the parties' arguments regarding Plaintiff's civil remedy.

3

**A. Theft by Conversion**

Though Plaintiff cites to the text O.C.G.A. § 16-8-15 as a basis for its claim, no further mention of the theft by conversion statute is made in the Supplemental Motion. In fact, Plaintiff failed to cite any case law regarding the theft by conversion statute, instead focusing almost entirely on the false swearing statute. The Court's review of relevant case law indicates the tort statute cited by Plaintiff, O.C.G.A. § 50-1-6, has not been used to create a civil remedy for violations of the theft by conversion statute. Furthermore, despite the language of O.C.G.A. § 51-10-6 expressly providing for a civil recovery for thefts under Article 1, Chapter 8, Title 16, case law indicates that Georgia has not used the provision to establish a civil remedy for the specific crime of theft by conversion. See generally Doyle Dickerson Co. v. Durden, 218 Ga. App. 426 (1995); see also Pioneer Construction, Inc. v. May (In re May), 518 B.R. 99 (Bankr. S.D. Ga. 2014); Rolleston v. Huie, 198 Ga. App. 49 (1990). Therefore, O.C.G.A. § 16-8-15 cannot be the basis for Plaintiff's civil claim.

**B. False Swearing**

Plaintiff also relies on the Georgia criminal statute for false swearing, O.C.G.A. § 16-10-71. Though no statute contains an express provision for a civil remedy for this crime, case law holds that O.C.G.A. § 51-1-6 provides a civil remedy to victims of false swearing. See Wilson v. State, 317 Ga. App. 171, 180 n.4 (2012) (noting that "Georgia recognizes a private cause of action under OCGA § 51-1-6 for a claim of injury due to 'false swearing.'"); see also Peters v. Imperial Cabinet Co., 189 Ga. App. 337 (1988). Defendant argues that the Peters court avoided the issue of a civil remedy for false swearing because it concluded the plaintiff had not established the "knowingly and willfully" elements of false swearing. Peters, however, was a civil case, not a criminal case, and the court only addressed evidence of intent after reaching the conclusion that a civil remedy existed, saying that "[t]he existence of such a cause of action

4

[false swearing] was recognized by this Court in [1979]." Peters, 189 Ga. App. at 338. Therefore, the Court concludes Plaintiff can assert a claim based on the crime of false swearing pursuant to O.C.G.A. §§ 16-10-71 and 51-1-6. To obtain summary judgment, though, Plaintiff must prove its claim based on undisputed facts.

False swearing occurs when a person knowingly and willfully makes a false statement under oath. O.C.G.A. § 16-10-71(a). "Knowledge either express or implied is absolutely indispensable in order to impute a willful purpose to swear falsely." Carroll v. Morrison, 224 Ga. 277, 278 (1968). False swearing requires "evidence of both the falsity of the swearing and the intent to swear falsely." Peters, 189 Ga. App. at 339 (citing Smith v. State, 66 Ga. App. 669, 670 (1942)). The parties dispute whether Defendant is liable for false swearing. Plaintiff, relying on the affidavit of Janis O'Neal, alleges that Defendant knew the contractor affidavits were false, and that Defendant executed them to prevent liens from attaching to the properties to ensure payment. Defendant acknowledges knowing that Osbourne & Associates, Inc. had not fully paid its subcontractor, C.T.W., but argues the affidavits were signed under the advice of counsel and therefore Defendant did not knowingly and willingly make a false statement. Such a defense is insufficient without additional evidence to resolve the matter in Defendant's favor, see In re Gotwald, 488 B.R. 854, 872-74 (Bankr. E.D. Pa. 2013), but creates an issue of fact as to whether Defendant knowingly and willfully signed a false affidavit. Accordingly, summary judgment is not warranted for either party, and Plaintiff's claim remains to be established at trial.

## II. Amount of Claim

In the Supplemental Motion, Plaintiff argues it is entitled to the full amount of its claim because O.C.G.A. § 44-14-361 establishes the amount of a materialman's lien and the Georgia Code does not otherwise include a provision that alters the values of such liens. Defendant argues there is no evidence in the record regarding the potential equity in the property or the

value of the lien on the open market, and therefore it is unclear what damages Plaintiff has actually suffered.  Plaintiff acknowledges that its lien is subject to the priority scheme enumerated in O.C.G.A. § 44-14-361.1(c).  Section 44-14-361.1(c) provides that materialman's liens created by section 44-14-361 are subordinated to liens for taxes, special liens of laborers and "other general liens when actual notice of the general lien…has been communicated before the work was done or materials or services furnished", which has traditionally included mortgage liens.  See, e.g., Caldwell v. Northwest Atlanta Bank, 194 Ga. 370, 370 (1942).  However, there are also cases in which a materialman's lien created under section 44-14-361 primed a lien that would otherwise take priority over the materialman's lien, such as a mortgage lien.  See Georgia Primary Bank v. Atlanta Paving, Inc., 309 Ga. App. 851 (2011) (mortgagor takes subject to materialman's lien where recorded prior to mortgage lien being recorded); see also Baisden & Co. v. Holmes-Hartsfield Co., 4 Ga. App. 122 (1908) (materialman's lien takes priority where materials and services provided without knowledge of mortgage).  The statutory priority scheme and case law support Defendant's view that the amount of a materialman's lien is distinct from its value, and that its value depends largely on the existence of other liens and the value of the property in question.  Thus, Plaintiff is not necessarily entitled to a claim in the full amount of its liens—rather, Plaintiff is only entitled to recover its damages suffered pursuant to O.C.G.A. § 55-1-6. The damage is the value of the liens lost, which depends on the value of the properties to which they attached and the existence of any superior liens on those properties.  Therefore, the Court will require evidence at trial regarding the value of the Panola Crossings and River Station properties, and the existence of any additional liens on the properties.

### III. Dischargeability Analysis

In the absence of an established underlying claim, summary judgment in Plaintiff's favor on the dischargeability claims is not warranted.  Hatfield v. Thompson (In re Thompson), 555

B.R. 1, 8 (10th Cir. BAP 2016). Similarly, because disputed issues of fact remain as to whether Defendant willfully and knowingly signed a false affidavit, summary judgment for Defendant is inappropriate. If Plaintiff establishes the false swearing claim, the same evidence could establish the debt results from "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). "[A] debtor is responsible for a 'willful' injury when he or she commits an intentional act the purpose of which is to cause injury or which is substantially certain to cause injury." Hope v. Walker (In re Walker), 48 F.3d 1161, 1165 (11th Cir. 1995); see also Kawaauhau v. Geiger, 523 U.S. 57, 61–62, 118 S.Ct. 974 (1998). "Malicious" means "'wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will.'" In re Walker, 48 F.3d at 1164 (quoting Lee v. Ikner (In re Ikner), 883 F.2d 986, 991 (11th Cir. 1989). Additionally, if Defendant is liable for false swearing, the damages caused could be nondischargeable under section 523(a)(2)(A), which excepts from discharge claims for "money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by…false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition…" 11 U.S.C. § 523(a)(2)(A). Accordingly, summary judgment in favor of Defendant is inappropriate before a determination is made as to the validity of Plaintiff's underlying claim for false swearing.

## **CONCLUSION**

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff's Renewed Motion is **DENIED**;

**ORDERED FURTHER** that Defendant's motion for summary judgment on Counts I and III is **DENIED**.

7

### ### END OF ORDER ###

**DISTRIBUTION LIST**

William L. Kidd
Curtis & Kidd, P.A.
Bldg. 200
3883 Rogers Bridge Road
Duluth, GA 30097

G. Frank Nason, IV
Lamberth, Cifelli, Ellis & Nason, P.A.
Suite W212
1117 Perimeter Center West
Atlanta, GA 30338